**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| STEVEN C. BURT, <br><br> Plaintiff, <br><br> v. <br><br> ASHTON POHLIG *et al.*, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 25-17081 (KMW-MJS) <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Steven C. Burt's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application (ECF No. 4), Plaintiff declares that he has a monthly income of $569.00 from public assistance and SNAP, and that he does not have other liquid assets, nor does he have a spouse to contribute income or share in expenses, and he does not have any dependents. (IFP Application ¶¶ 1, 7-8.); and

**WHEREAS**, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [he] is unable to pay the costs of [his] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that based on Plaintiff's monthly income, Plaintiff has demonstrated that he cannot pay the costs of litigation, and thus the Court **GRANTS** Plaintiff's IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED** for failing to state a claim upon with relief may be granted; and

**WHEREAS**, Plaintiff filed a Complaint (ECF No. 1) on October 31, 2025, wherein he brings claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, asserting that there is also Municipal Liability for those violations. (*See* Compl. at ¶¶ 11-15); and

**WHEREAS**, in New Jersey, a police department is not a separate entity from the municipality, it is "merely an administrative arm of the local municipality" rendering it an improper defendant that cannot be sued in conjunction with the municipality. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Foster v. Essex Cnty. Corr. Facility*, No. 23-1613 (BRM) (MAH), 2023 WL 6366563, at *6 (D.N.J. Sept. 28, 2023). As such, the Berlin Borough Police Department is not a proper defendant and the Complaint must be dismissed as to it; and

**WHEREAS**, municipal liability does not attach under a theory of *respondeat superior* or vicarious liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Instead, municipal liability only attaches when "the execution of the government's policy or custom...inflicts the injury." *Id.* (quotations omitted). As such, to determine municipal liability the Court must inquire as to whether there was a "direct causal link between a municipal policy or custom and [the] alleged constitutional deprivation." *Id.*

Liberally construed, Plaintiff's Fourteenth Amendment claim asserts that his informational privacy rights were violated when his sex offender status was disclosed to a fellow parolee by Defendant Ashton Pohlig, a detective in the Berlin Borough Police Department. (Compl. at ¶ 6-

2

10). To establish a Fourteenth Amendment informational privacy claim, Plaintiff must plead facts that show that the disclosed information falls within the ambit of materials entitled to constitutional privacy protection. *Fraternal Ord. of Police, Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 112 (3d Cir. 1987). The threshold inquiry is "whether it is within an individual's reasonable expectations of confidentiality," with the understanding that "the more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny." *Id.* at 112-13. Simply, Plaintiff's sex offender status is not entitled to constitutional protection. *Paul P. v. Verniero*, 170 F.3d 396, 403 (3d Cir. 1999) ("To the extent that plaintiffs' alleged injury stems from the disclosure of their sex offender status, alone or in conjunction with other information, the District Court's opinion is in line with other cases in this court and elsewhere holding specifically that arrest records and related information are not protected by a right to privacy."). Accordingly, Plaintiff's Fourteenth Amendment claim fails, and with it, Plaintiff's claim for municipal liability.

**IT IS HEREBY** on this 2_ day of May 2026, **ORDERED**

**A.**  Plaintiff's IFP Application (ECF No. 4) is **GRANTED.**

**B.**  The Complaint (ECF No. 1) shall be filed.

**C.**  Plaintiff's claims against Berlin Borough Police Department are **DISMISSED WITH PREJUDICE.**

**D.**  Plaintiff's claims against Defendant Ashton Pohlig are **DISMISSED WITHOUT PREJUDICE.**

**E.**  Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk to close the case.

KAREN M. WILLIAMS
United States District Judge

3